FILED

DEC 1 3 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID DOWNEY,<br><br>Defendant. | No.<br><br>**4:18CR01021 CDP/NAB** |

### INDICTMENT – WIRE FRAUD
### COUNTS I-V

The Grand Jury charges that:

1. Between on or about January 1, 2013 and continuing through on or about December 31, 2017 (the "relevant time period"), the Defendant David Downey was an individual residing in the State of Indiana and doing business in the States of Indiana, Kentucky, Illinois and Missouri including in the Eastern District of Missouri.

2. During the relevant time period, Defendant was engaged in the payroll services business, owning and running a payroll company doing business through a number of entities.

3. Defendant held clients funds in "impound accounts" for the purpose of, among other things, remitting payroll taxes to the Internal Revenue Service on behalf of his clients. Impound accounts are intended only for client funds to be remitted to the IRS or for other purposes and, in the industry practice, should not be comingled with operating funds for a payroll company.

4. During the relevant time period, on of Defendant's clients, Health Facilities Rehab

Services, Inc., (HFRS), located in the Eastern District of Missouri, discovered that Downey had not remitted a significant amount of the funds he had taken from HFRS for the purpose of paying its payroll taxes. Ultimately, Defendant agreed to pay HFRS approximately $650,000 to compensate it for funds Defendant took but failed to pay the IRS. HFRS referred Defendant's conduct to the IRS.

5. During the relevant time period, Defendant filed numerous Quarterly Federal Tax Returns (Form 941s) which understated a client's true tax liability. For each such false Form 941, Defendant provided his client with a different purported Form 941 stating the client's true tax liability and a different, higher payment that that actually remitted to the IRS. In this way, Defendant created a "spread" between the funds actually paid over to the IRS and funds Defendant's clients believe were paid. Defendant transferred the spread into investment accounts controlled by Defendant in his name, names of other entities, and the name of his girlfriend.

6. During the relevant time period, Defendant transferred approximately $20,000,000 of his clients' funds from his business impound account to investment accounts. During that same time period, only approximately $11,000,000 made it back into his impound accounts from the investment accounts.

7. Between on or about January 1, 2013 and continuing through on or about December 31, 2017, in the Eastern District of Missouri and elsewhere, the Defendant,

**DAVID DOWNEY,**

Having devised a scheme to defraud and to obtain money and valuable property from others by means of false and fraudulent pretenses, representations or promises, did, for the purpose of executing the foregoing scheme, transmit and caused to be

transmitted in interstate commerce wire communications, to wit: electronic withdrawals of funds from a financial account owned by HFRS in the State of Missouri to the State of Utah, which each wiring constituting a separate count:

| Count | Date | Amount |
|---|---|---|
| I | June 11, 2015 | $120,983.75 |
| II | August 26, 2015 | $116,495.11 |
| III | September 28, 2015 | $127,418.48 |
| IV | October 26, 2015 | $126,443.44 |
| V | December 28, 2015 | $121.266.78 |

All in violation of Title 18, United States Code Section 1343.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts I through V, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to such violations.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation(s).

3. Specific property subject to forfeiture includes, but is not limited to, the following:

   a. 2018 Jeep Grand Cherokee, VIN: 1C4RJFCG5JC424256; and

   b. Approximately $955,956.00 in U.S. Currency seized on or about November 16,

2018.

4. If any of the property described above, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

_____

FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____

Thomas C. Albus, #46224MO
Assistant United States Attorney