UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18 CR 1021 CDP |
| | ) | |
| DAVID DOWNEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on the government's motion for release of funds from defendant's inmate trust account, filed May 25, 2021.  Defendant has not responded to the motion, and the time to do so has passed.  For the following reasons, I will grant the government's motion.

On August 30, 2019, defendant pleaded guilty to one count of tax evasion in violation of 26 U.S.C. § 7201, one count of passport fraud in violation of 18 U.S.C. § 1542, and one count of wire fraud in violation of 18 U.S.C. § 1343.  I sentenced defendant on March 10, 2020, to a 72-month term of imprisonment, with a 3-year term of supervised release.  I also ordered defendant to pay $8,780,118.11 in restitution and a special assessment of $300.  The Judgment entered against defendant provides that "all criminal monetary penalties are due in full immediately" and that "payment of criminal monetary penalties is due during

imprisonment." (ECF 88.)  To date, $7,799,878.82 remains due and owing on the total balance.

Defendant is currently incarcerated at FCI Jesup in Jesup, Georgia, with a projected released date of December 26, 2023.

The Bureau of Prisons (BOP) has established inmate trust accounts in order to "allow the Bureau to maintain inmates' monies while they are incarcerated." 28 C.F.R. § 506.1. "Family, friends, or other sources may deposit funds into these accounts." *Id.* Defendant has such an account and currently has $1343.78 in the account. The government avers that some of these monies are tax credit payments issued by the Treasury Department related to COVID-19 stimulus relief legislation, and that defendant did not notify the United States Attorney's Office of the payments or use them to pay any portion of his outstanding restitution balance. The government now moves for an Order authorizing the BOP to turn over to the Clerk of Court the funds in defendant's trust account as payment for the criminal monetary penalties imposed in this case.

The procedure by which the government may enforce criminal monetary penalties is set forth in 18 U.S.C. § 3613. An order of restitution is "a lien in favor of the United States on all property and rights to property. . . ." 18 U.S.C. § 3613(c). Additionally, the Mandatory Victims Restitution Act states that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources

from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).  Defendant is required to notify this Court of any material change in his "economic circumstances" that might affect defendant's ability to pay restitution.  18 U.S.C. § 3664(k).  The Court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim.  *Id*.  "Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id*.  These statutes authorize the government to request the turnover of inmate funds from an inmate trust account to be applied to restitution.  *United States v. Poff,* 781 Fed. Appx. 593 (9th Cir. 2019); *United States v. Rand*, 924 F.3d 140 (5th Cir. 2019).

The funds in defendant's inmate trust account are subject to the government's lien created by the restitution order entered in this case.  18 U.S.C. § 3613(c).  Because the property at issue is cash, it does not fall within any of the applicable categories of exempt property that a defendant may claim in a criminal case.  18 U.S.C. § 3613(a)(1).  Nor is there any exemption in the statute for government-issued stimulus payments.

Based on the information set forth in the government's motion, the Court

finds that defendant has substantial resources in the form of money that has been deposited in his inmate account held by the BOP, and this money is not exempt from enforcement of the Judgment.  *See* 18 U.S.C. § 3613(a).  Moreover, the Court finds the receipt of these substantial resources constitutes a material change in defendant's economic circumstances that affects his ability to pay restitution under 18 U.S.C. § 3664(k).  Pursuant to the Crime Victim Rights Act, the victims of defendant's crimes are entitled to full and timely restitution as provided in law. *See* 18 U.S.C. § 3771(a)(6).

Accordingly,

**IT IS HEREBY ORDERED** that the government's Motion to Authorize Payment from Inmate Trust Account [101] is granted.

**IT IS FURTHER ORDERED** that United States Bureau of Prisons shall turn over to the Clerk of the United States District Court for the Eastern District of Missouri all funds in the inmate trust account of defendant David Downey toward the criminal monetary penalties imposed against him via check payable to "United States District Court, Eastern District of Missouri," referencing Case No. 4:18CR1021 CDP and delivered either personally or by First Class Mail to:

Clerk of the U.S. District Court
111 S. 10th Street
St. Louis, Missouri 63102

Alternatively, the Bureau of Prisons may make the required payment to the

- 4 -

Clerk of Court within 30 days of the date of this Order via electronic transfer in the manner that it makes payments through the Inmate Financial Responsibility Program.  Said payment shall be limited to the amount of criminal monetary penalties due.  To the extent defendant's account balance may exceed the amount of criminal monetary penalties owed, the Bureau of Prisons is hereby directed to unencumber any such funds in the account.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of August, 2021.